## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| LUCID GROUP USA, INC., <br><br>    *Plaintiff*, <br><br> v. <br><br> MONIQUE JOHNSTON, in her official capacity as Director of the Motor Vehicle Division of the Texas Department of Motor Vehicles; DANIEL AVITIA, in his official capacity as Executive Director of the Texas Department of Motor Vehicles; and CORRIE THOMPSON, in her official capacity as Director of the Enforcement Division of the Texas Department of Motor Vehicles, <br><br>    *Defendants*. | Case No. 1:22-cv-01116-RP |

**Plaintiff Lucid Group USA, Inc.'s Response
to Texas Automobile Dealers Association's Motion To Intervene**

Billy M. Donley
  Texas Bar No. 05977085
  *bdonley@bakerlaw.com*
Rachel Palmer Hooper
  Texas Bar No. 24039102
  *rhooper@bakerlaw.com*
BAKER & HOSTETLER LLP
811 Main St., Suite 1100
Houston, TX 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

Andrew M. Grossman (*Pro Hac Vice*)
  *agrossman@bakerlaw.com*
BAKER & HOSTETLER LLP
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

*Counsel for Plaintiff Lucid Group USA, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD............................................................................................................2

ARGUMENT.........................................................................................................................2

I. TADA is Not Entitled to Intervene as of Right Because it Has
   the "Same Ultimate Objective" as Texas and Identifies No
   Basis to Conclude Texas Will Not Adequately Defend its Interests .........................2

II. Permissive Intervention Should be Denied in Favor of *Amicus* Participation..........5

III. If Intervention is Permitted, its Scope Should be Limited to Avoid
    Undue Delay and Prejudice to the Parties ................................................................6

CONCLUSION......................................................................................................................7

## **TABLE OF AUTHORITIES**

CASES

*Aransas Project v. Shaw*,
  404 Fed.Appx. 937 (5th Cir. 2010)..................................................................................................3

*Buffin v. City and Cnty. of San Francisco*,
  No. 15-CV-04959, 2017 WL 889543 (N.D. Cal. Mar. 6, 2017)..................................................6

*Bush v. Viterna*,
  740 F.2d 350 (5th Cir. 1984) ..................................................................................................3, 5

*Doe v. Duncanville Indep. Sch. Dist.*,
  994 F.2d 160 (5th Cir. 1993) ..................................................................................................2, 3

*Ford Motor Co. v. Texas Dep't of Transp.*,
  264 F.3d 493 (5th Cir. 2001) ..................................................................................................1, 4

*Hopwood v. State of Tex.*,
  21 F.3d 603 (5th Cir. 1994) .........................................................................................................4

*Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist.*,
  88 F.3d 274 (5th Cir. 1996) .........................................................................................................5

*Johnson v. City of Dallas, Tex.*,
  155 F.R.D. 581 (N.D. Tex. 1994)...............................................................................................5

*Kneeland v. Nat'l Collegiate Athletic Ass'n*,
  806 F.2d 1285 (5th Cir. 1987) ....................................................................................................3

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
  884 F.2d 185 (5th Cir. 1989) ..................................................................................................2, 3

*Motor Veh. Bd. v. Prevost Car (US), Inc.*,
  No. 03-04-00373-CV, 2006 WL 2785771 (Tex. App. - Austin Sept. 26, 2006).........................4

*NextEra Energy Capital Holdings, Inc. v. D'Andrea*,
  No. 20-50168, 2022 WL 1749227 (5th Cir. Dec. 7, 2022)..........................................................3

*Script Sec. Sols. LLC v. Logitech, Inc.*,
  No. 2:16-CV-01400, 2017 WL 10242574 (E.D. Tex. Nov. 8, 2017).........................................6

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) .......................................................................................................2

*Silver v. Babbitt*,
   166 F.R.D. 418 (D. Ariz. 1994) ...................................................................................5

*St. Joseph Abbey v. Castille*,
   712 F.3d 215 (5th Cir. 2013) .....................................................................................1

*State of Tex. v. United States Dep't of Energy*,
   754 F.2d 550 (5th Cir. 1985) .....................................................................................5

*Stringfellow v. Concerned Neighbors in Action*,
   480 U.S. 370 (1987) ...................................................................................................6

*Villas at Parkside Partners v. City of Farmers Branch*,
   245 F.R.D. 551 (N.D. Tex. 2007) ..............................................................................5

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
   834 F.3d 562 (5th Cir. 2016) .....................................................................................3

*Waterkeeper Alliance, Inc. v. Wheeler*,
   330 F.R.D. 1 (D.D.C. 2018) ......................................................................................6

*Wildearth Guardians v. Salazar*,
   272 F.R.D. 4 (D.D.C. 2010) ......................................................................................6

OTHER AUTHORITIES

Fed. R. Civ. P. 24(b)(2) ....................................................................................................2

# INTRODUCTION

Texas's prohibition on direct-to-consumer sales by automobile manufacturers without independent franchised dealers is pure economic protectionism for the benefit of Texas's existing auto dealers. Confirming as much, the Texas Automobile Dealers Association ("TADA"), which represents the state's existing dealers, now seeks to intervene to defend that special preference. However, the claims and legal theory of this case do not implicate existing dealers' franchise relationships with their manufacturers; rather, they are limited to direct-sales-only manufacturers like Plaintiff Lucid Group USA, Inc. The existing dealers' sole interest in this case is keeping new competitors like Lucid out of the market—in other words, "economic protectionism for its own sake." *St. Joseph Abbey v. Castille*, 712 F.3d 215, 222 n.38 (5th Cir. 2013) (quotation marks omitted).

TADA's wish "to be heard regarding the benefits and impact of the challenged system," Mot. at 3, describes the role of an *amicus curiae*, not an intervenor. Indeed, TADA previously participated as an *amicus curiae* to oppose a facial attack on Texas's prohibition that threatened the franchise relationships of all TADA members. *See* Mot. at 2 (discussing *Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493 (5th Cir. 2001)). Here, not only are the franchise relationships of TADA's members not at issue, but TADA's stated objective—"to uphold the current regulatory system" that excludes direct-sales manufacturers like Lucid, Mot. at 6—is identical to that of the Defendants. Yet TADA identifies no adversity of interest, collusion, or nonfeasance by Defendants, as required to support intervention as of right. Likewise, TADA identifies no reason that participation as an *amicus curiae* would be inadequate to achieve its goal of being heard, while avoiding the burdens and delays inherent in adding additional parties through permissive intervention.

TADA's motion to intervene should be denied

## LEGAL STANDARD

A party seeking to intervene as of right "must satisfy four requirements: (1) [t]he application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994). As relevant here, "[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 168 (5th Cir. 1993) (quotation marks omitted). "If a party seeking to intervene fails to meet any one of [the four] requirements, it cannot intervene as a matter of right." *Espy*, 18 F.3d at 1205.

Permissive intervention is committed to a district court's "broad discretion." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) ("*LULAC*"). A district court may authorize permissive intervention when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 189 n.2 (citing Fed. R. Civ. P. 24(b)(2)).

## ARGUMENT

**I. TADA is Not Entitled to Intervene as of Right Because it Has the "Same Ultimate Objective" as Texas and Identifies No Basis to Conclude Texas Will Not Adequately Defend its Interest**

TADA's concession (at 6) that it shares "the same ultimate objective" as Texas in this suit dooms its claimed entitlement to intervene as of right because TADA cannot overcome the resulting presumption that Texas will adequately represent any interest it may have.

It is well settled that "when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to

intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987) (citing *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984)). The objective is measured by reference to the goal of the lawsuit, not broader policy goals, *id.*, and so the movant must show how its interest is "legally adverse or legally different," *Aransas Project v. Shaw*, 404 Fed. Appx. 937, 941 (5th Cir. 2010). And the movant must "produce something more than speculation as to the purported inadequacy." *LULAC*, 884 F.2d at 189 (quotation marks omitted). It must make a "substantial showing that the [existing party] will not adequately represent its interests in the litigation." *Doe*, 994 F.2d at 168.

Here, TADA's stated "objective"—"to uphold the current regulatory system"—is identical to that of Defendants, who have indicated that they will defend Texas's "Direct-Sales Prohibition" against Lucid's claims. Mot. at 6. Accordingly, "a presumption arises that its interests are adequately represented." *Doe*, 994 F.2d at 168 (quotation marks omitted).

TADA's three stated bases for overcoming that presumption do not come anywhere close to demonstrating the "adversity of interest, collusion, or nonfeasance" that is required. *Id*. First, its purported "concerns with the level and vigor" of Defendants' enforcement activities are irrelevant and misleading. Mot. at 6. As for relevance, this case challenges the constitutionality of Texas's prohibition on consumer-direct sales by automobile manufacturers that do not have independent franchised dealers, Compl. ¶¶ 36, 57, 64, and there is no adversity of interest on *that* issue: both Defendants and TADA contend the prohibition is constitutional. That alone makes this case different from *Wal–Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, where the defendant agency sought "to defend all portions of the litigation, which limits the range of arguments it can advance, while the [movant–intervenor] does not seek to defend [one] Exception," which expanded its range of argumentation on the parts of the law implicating its interests. 834 F.3d 562, 569 (5th Cir. 2016). Unlike in *NextEra Energy Capital Holdings, Inc. v. D'Andrea*, TADA has not "shown [its] interests may diverge from the [Defendants] defending the law." No. 20-50168, 2022 WL 17492273, at *4 (5th Cir. Dec. 7, 2022).

TADA's claim that Defendants here have been anything less than vigorous in their enforcement activities ignores that Defendants' activities are controlled by binding state-court precedent that authorizes the sort of out-of-state sales of which TADA complains. *See Motor Veh. Bd. v. Prevost Car (US), Inc.*, No. 03-04-00373-CV, 2006 WL 2785771, at *6 (Tex. App. - Austin Sept. 26, 2006) ("the relevant fact for determining where [the manufacturer] engaged in business is the location of the title transfer"). That result was vigorously opposed by Defendants' predecessors-in-office, but they lost. TADA's argument that *Ford* has anything to say on this point is misplaced because *Ford* took it as a given that the manufacturer's conduct there violated the statutory prohibition. 264 F.3d at 498 (identifying no statutory claim). In any event, as *Prevost Car* held, the "facts of *Ford* are distinguishable [from out-of-state sales] because *Ford* involved the actual and attempted sales of vehicles that were physically located and test-driven by consumers within the State of Texas…, and title was transferred in the State of Texas." 2006 WL 2785771, at *4. Defendants' enforcement of Texas law as interpreted by Texas courts presents no adversity of interest. To rebut the presumption of inadequate representation, TADA must show Defendants are unwilling or unable to defend the Direct-Sales Prohibition, not that TADA wishes Texas law were otherwise than it is. *See Hopwood v. State of Tex.*, 21 F.3d 603, 606 (5th Cir. 1994).

Second, TADA contends (at 6–7) that its lobbying activities somehow support intervention as of right. To the extent that it believes it has relevant arguments or information that could aid the Court, that describes the role of an *amicus* and provides no basis for intervention as of right. If TADA possesses evidence that it believes Defendants do not, its proper recourse is not intervention but simply to "provide this evidence to the State." *Id.* at 605.

Third, TADA's desire "to supplement the resources the State has available to defend" the Direct-Sales Prohibition, Mot. at 9, is likewise irrelevant to the showing of "adversity of interest, collusion, or nonfeasance" necessary for intervention as of right. If the gravamen of this point is that the Texas Attorney General's Office lacks the resources needed to defend Texas law, then that is obviously wrong: with nearly 750 attorneys, the Attorney General's Office would be Texas's largest law firm. Its attorneys represent the state and its officials in many federal court actions, at

4

all levels, often successfully. Defendants do not want for resources in defending the Direct-Sales Prohibition.

Because TADA makes no showing of adversity of interest, collusion, or nonfeasance, the presumption of adequate representation stands, and TADA is therefore ineligible for intervention as of right.

## II. Permissive Intervention Should be Denied in Favor of *Amicus* Participation

"Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Bush*, 740 F.2d at 359 (quotation marks omitted). For that reason, when it "presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief *amicus curiae* and not by intervention." *Id.*; *see also Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) ("The denial of permissive intervention was also appropriate because the Proposed Intervenors bring no new issues to this action."). Motions to intervene are often denied when movants are better situated as *amici*. *E.g., Bush*, 740 F.2d at 359; *State of Tex. v. United States Dep't of Energy*, 754 F.2d 550, 553 (5th Cir. 1985); *Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 555 (N.D. Tex. 2007); *Silver v. Babbitt*, 166 F.R.D. 418, 434 (D. Ariz. 1994); *Johnson v. City of Dallas, Tex.*, 155 F.R.D. 581, 586 (N.D. Tex. 1994).

That should be the result here, where TADA identifies no new issue that it would bring to this action. Indeed, TADA does not identify a single justification for intervention that is not appropriately addressed by *amicus* participation or by simple consultation with Defendants. Without anything to add as an intervenor, TADA's intervention would only bring the unavoidable negative consequences of intervention: inefficiency, added burden on the Court and the existing parties, and delay. And *amicus* participation is essentially what TADA says it seeks: "to be heard regarding the benefits and impact of the challenged system." Mot. at 3. This is a textbook instance of a motion for leave to participate as an *amicus curiae* dressed up as a motion to intervene, and permissive intervention should be denied on that basis.

### III. If Intervention is Permitted, its Scope Should be Limited to Avoid Undue Delay and Prejudice to the Parties

If the Court permits TADA to intervene, whether as of right or permissively, it should limit the scope of TADA's intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) (noting that courts may impose limitations on intervention). "Even highly restrictive conditions may be appropriately placed on a permissive intervenor, because such a party has by definition neither a statutory right to intervene nor any interest at stake that the other parties will not adequately protect or that it could not adequately protect in another proceeding." *Id.* at 382 n.1 (1987) (Brennan, J., concurring). The same holds true for intervenors as of right. *Waterkeeper Alliance, Inc. v. Wheeler*, 330 F.R.D. 1, 6 (D.D.C. 2018) ("Even if an applicant may intervene as of right, courts have discretion to impose conditions or restrictions on the intervenor's participation.").

Limitations on intervention are squarely within the Court's discretion, and they are common. Courts often "limit the scope of intervention to avoid undue delay and prejudice to the parties." *Script Sec. Sols. LLC v. Logitech, Inc.*, No. 2:16-CV-01400, 2017 WL 10242574, at *2 (E.D. Tex. Nov. 8, 2017). The types of limitation are "necessarily context-specific, and the conditions should be tailored to fit the needs of the particular litigation, the parties, and the district court." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010). Courts may, among other things, prohibit new claims, require intervenors to consult with defendants to ensure there are no duplicative arguments, and restrict the length of intervenors' filings. *Id.* Courts may also limit discovery. *See Buffin v. City and Cnty. of San Francisco*, No. 15-CV-04959, 2017 WL 889543, at *5 (N.D. Cal. Mar. 6, 2017) (limiting extent intervenors may propose discovery "only to the extent necessary to fill any gaps left by plaintiffs").

If the Court grants TADA's motion, Lucid respectfully requests the Court limit intervention to prevent undue burden, delay, and prejudice. This case presents a narrow challenge to application of a Texas statute and turns on the state's basis, if any, for that application. TADA represents Lucid's would-be competitors and should not be allowed to drag out litigation—which

would delay Lucid's possible entry to the marketplace and competition—or to use this litigation as a vehicle for harassing discovery meant to deter Lucid from vindicating its constitutional rights. To those ends, any intervention should be subject to two limitations. First, TADA has identified no need to participate in discovery and so should be disallowed from propounding discovery without leave of the Court based on a showing of necessity. Second, TADA should be required to certify on all substantive filings that it has conferred with Defendants to avoid duplicative briefing and argumentation. The former limitation would be no hardship, given TADA's proposed litigation role and the narrow focus of this suit. And the latter would reduce, somewhat, the burden of admitting another party whose objective is identical to that of the existing Defendants.

## CONCLUSION

TADA's motion to intervene should be denied. Alternatively, if intervention is allowed, its scope should be limited to exclude propounding discovery and to require certification on all substantive filings that TADA has conferred with Defendants to avoid duplicative briefing and argumentation.

Respectfully submitted,

Baker & Hostetler LLP

*/s/ Billy M. Donley*
Billy M. Donley
  Texas Bar No. 05977085
  *bdonley@bakerlaw.com*
Rachel Palmer Hooper
  Texas Bar No. 24039102
  *rhooper@bakerlaw.com*
811 Main St., Suite 1100
Houston, TX 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

Andrew M. Grossman (*Pro Hac Vice*)
  *agrossman@bakerlaw.com*
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1697

Facsimile:  (202) 861-1783

*Counsel for Plaintiff Lucid Group USA, Inc*

## **CERTIFICATE OF SERVICE**

 I certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<em>/s/ Billy M. Donley</em>