# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LUCID GROUP USA, INC., § § *Plaintiff,* § § v. § § MONIQUE JOHNSTON, in her official § capacity as Director of the Motor Vehicle § Division of the Texas Department of Motor § Vehicles; DANIEL AVITIA, in his official § capacity as Executive Director of the Texas § Department of Motor Vehicles; and CORRIE § THOMPSON, in her official capacity as § Director of the Enforcement Division of the § Texas Department of Motor Vehicles, § § *Defendants.* § | Case No. 1:22-cv-1116 |

## TEXAS AUTOMOBILE DEALERS ASSOCIATION'S REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE

Robert T. Mowrey
  Texas Bar No. 14607500
  *rmowrey@lockelord.com*
Thomas G. Yoxall
  Texas Bar No. 00785304
  *tyoxall@lockelord.com*
W. Scott Hastings
  Texas Bar No. 24002241
  *shastings@lockelord.com*
Madeleine E. Brunner
  Texas Bar No. 24105547
  *maddie.brunner@lockelord.com*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone: (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR INTERVENOR TEXAS AUTOMOBILE DEALERS ASSOCIATION**

**REPLY BRIEF**

Plaintiff Lucid Group USA, Inc. ("Lucid") seeks to impose sweeping changes in Texas law that would likely impact the Texas Automobile Dealers Association ("TADA") and its members, yet Lucid aims to block TADA's participation in this case or to subject Lucid's self-serving pleadings and assertions to the exacting scrutiny it deserves in this constitutional challenge to settled law. Lucid's policy arguments are best directed to the Texas Legislature where all potentially affected parties will have the right to participate. This Court should not allow Lucid to override the Legislature's stated intent as expressed in existing statutes and, certainly, should not allow Lucid to maintain a one-sided playing field when seeking such extraordinary relief.

1. Lucid begins its response by reciting some of the legal standards that apply to a motion to intervene, but Lucid conveniently ignores the Fifth Circuit authority and authority from this Court holding that (a) the right to intervene should be "liberally construed," (b) "doubts [should be] resolved in favor of the proposed intervenor," (c) the intervenor's allegations must be accepted as true, and (d) the burden to show inadequate representation by the existing parties is "minimal." Motion at 3-5 (citing cases supporting this standard).

2. Lucid falsely claims that TADA's motion to intervene is "doom[ed]" because TADA admits it has the same ultimate objective as the State in upholding the duly-enacted laws of Texas. *See* Resp. at 2. Lucid distorts the law. The Fifth Circuit unequivocally holds that the right to intervene may still exist where, as here, the proposed intervenor "and the defendants have the same objective: uphold [the challenged statute]." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022). The Fifth Circuit continued by recognizing that differences in the scope, intentions, and motivations of constituencies supports intervention. *Id.* at 308-09. Here, Lucid does not deny that TADA has a sufficient interest in this case to justify intervention. To the

1

contrary, Lucid's sole challenge to TADA's motion to intervene as a matter of right is based upon the alleged adequacy of the State Defendants' representation in this case.[1]

3. When making its arguments to oppose intervention, Lucid actually highlights a significant difference between the TADA's interests and the State's. Lucid concedes (and even highlights) that the TADA and its members have economic interests that are at stake. Resp. at 1. Of course, the State must represent all of its constituencies, including businesses and consumers of varying types throughout Texas. The Fifth Circuit has previously recognized that intervention as a matter of right is appropriate where, as here, the proposed intervenors have economic interests to protect beyond just the interests the State seeks to protect. *See Aransa Project v. Shaw*, 404 Fed. Appx. 937, 939-41 (5th Cir. 2010) (cited by Lucid). Lucid makes no mention that it seeks to promote its own economic interests by pursuing this lawsuit. Lucid cites no persuasive reasons or authority to explain why one side of a significant public policy issue should have the right to advocate its own economic interests in litigation, while the other side is denied the right to use the same tools of discovery and this litigation to support its side of the dispute.

4. As TADA has already explained, it has legitimate concern that the State has not enforced existing Texas law with the full force and effect compelled by the statutes the Legislature adopted. *See* Motion at 5-7. TADA's concerns are illustrated (and confirmed) by the fact that the

---

[1] Lucid does not challenge whether TADA satisfied the first element for intervention—requiring a timely motion to intervene. Motion at 4. Lucid argues in passing that TADA and its members would not be impaired because Lucid is only seeking to establish that it can sell direct to consumers. Resp. at 3. But the Texas Legislature did not, and could not, enact a special law for Lucid's sole benefit. *See* TEX. CONST. art. 3, §56. Moreover, when the Texas Legislature has defined the scope of a statute's prohibition, it is not the proper role for the courts to create exceptions to it. *See In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). Any decision to allow direct sales by Lucid to Texas consumers creates a risk that the relevant statutes will be eroded to allow other manufacturers to cross the line into serving as a dealer, in violation of existing Texas law.

2

State has not initiated enforcement proceedings against Lucid already given its conduct. TADA seeks to uphold and to encourage enforcement of the entire automobile sales and distributions statutory and regulatory scheme in Texas, and not just the isolated provision Lucid tries to attack.[2]

5. TADA's history and experience with the existing statutes will also be of benefit to the Court. Although Lucid claims that TADA's experiences and assistance could be effectuated through amicus participation, amicus participation is a hollow suggestion. Lucid wants to be able to challenge the laws with all the tools available within the judicial system, but it wants to tie the hands of other affected parties by limiting their options to participate. Lucid's approach is an affront to due process and traditional notions of fundamental fairness.

6. Lucid also tries to justify the State's lack of enforcement action against Lucid by arguing that the Austin Court of Appeals unpublished, split decision in *Motor Vehicle Board v. Prevost Car (U.S.), Inc.*, 2006 WL 2785771 (Tex. App.—Austin Sept. 26, 2006), somehow "authorizes" Lucid's conduct in Texas. *See* Resp. at 4. But *Prevost*, is highly distinguishable from what Lucid is doing. *Prevost* involved the sale of buses by a dealer in New Mexico, where title transferred in New Mexico, and the vehicle was delivered to the customer F.O.B. Roswell, New Mexico. *Prevost*, 2006 WL 2785771, *1. There was no evidence that Prevost had any employees physically in Texas. *Id.* at *3. The Majority found that the fact that a Texas buyer was involved and requested (but was not granted) delivery in Beaumont was insufficient to support a violation of the prohibition against sales with a dealer license. *Id.* at *6. A strong dissent concluded

---

[2] In its attempt to attack existing Texas law, Lucid provides a laundry list of activities it claims it is entitled to perform under existing law. *See* Compl. at ¶¶38-39. Lucid presents its list as if it is established that the listed conduct is allowed by Texas law. But it is not. Lucid misrepresents the scope of Texas law, including the restrictions that are currently applicable to Lucid, even if they are not currently being enforced. This lack of enforcement highlights the need for TADA's intervention.

3

otherwise, and would have upheld the Motor Vehicle Board's findings of a violation based on the actions from Texas soliciting offers for a vehicle. *Id.* at *11-12 (Patterson, J. dissenting). Indeed, the Majority did not dispute that Prevost was engaged in the conduct of being a dealer; it just concluded that Prevost acted solely outside of Texas. *Id.* at *5 ("our holding is not based on a finding that Prevost was not engaging in business as a dealer, but that it was not engaging in such business 'in this State.'"). Unlike the situation in *Prevost*, Lucid admits it is advertising vehicles directly into Texas, maintaining employees and facilities in Texas, and delivering vehicles to Texas consumers. *See* Compl. at ¶¶19, 29, 30. Lucid's conduct violates Texas law, as in *Ford*. Motion at 6-7.

7.     Lucid attempts to minimize the significance of its own conduct by arguing that "Ford took it as a given that the manufacturer's conduct there violated the statutory prohibition." Resp. at 4. But as shown in Ex. C to TADA's motion to intervene, Ford's liability was vigorously contested and established before the Motor Vehicle Board. It was not reversed on appeal. To say that the violation was taken as a given ignores the history of the Ford dispute.

8.     The Court should not accept Lucid's plea to limit TADA's involvement in this matter. Where, as here, TADA has the right to intervene, the Court's discretion to limit participation is far more limited than in cases of permissive intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 381-85 (1979) (Brennan, J., concurring); (cited by Lucid)[3] *see also Scrips Sec. Sols. LLC v. Logitech, Inc.*, 2017 WL 10242574, *2 (E.D. Tex. Nov. 8, 2017) ("A court, however, has more discretion to limit the participation of a permissive

---

[3] The *Stringfellow* Majority's notation that restrictions were imposed was not a comment on the scope of the district court's authority to impose such restrictions, but instead, was a holding that a party allowed to intervene (even with restrictions) could not pursue an immediate interlocutory appeal, as if intervention had been denied. 480 U.S. at 378.

4

intervenor than that of an intervenor of right."). Lucid seeks to impose limitations on TADA's participation in this case to avoid having Lucid's own self-serving factual assertions subjected to meaningful scrutiny. Lucid has also tried to rush forward with this case armed with purported experts and amicus support from day one, trying to move at a speed that would hinder the State's and TADA's ability to respond in an orderly fashion. Such tactical maneuvering should not be rewarded or allowed to alter the rights of the parties who may be affected by this lawsuit. This Court is well equipped to control discovery and proceedings.

Constitutional issues regarding the validity of well-established Texas statutes and regulatory provisions deserve full consideration on the merits in the ordinary course of litigation. TADA should be permitted to intervene to ensure that the rights of all potentially affected parties are represented. Lucid's tactical maneuverings and attempts to limit the scrutiny of the factual and legal issues it seeks to present should not be allowed to impact a fair adjudication and decision in this case.

Respectfully submitted,

*/s/ Robert T. Mowrey*
Robert T. Mowrey
  Texas Bar No. 14607500
  *rmowrey@lockelord.com*
Thomas G. Yoxall
  Texas Bar No. 00785304
  *tyoxall@lockelord.com*
W. Scott Hastings
  Texas Bar No. 24002241
  *shastings@lockelord.com*
Madeleine E. Brunner
  Texas Bar No. 24105547
  *maddie.brunner@lockelord.com*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone: (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR INTERVENOR TEXAS AUTOMOBILE DEALERS ASSOCIATION**

## CERTIFICATE OF SERVICE

I certify that on January 13, 2023, I served the foregoing Motion to Intervene on all known counsel via the Court's electronic case filing system:

*/s/ Robert T. Mowrey*
Robert T. Mowrey

6