IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUCID GROUP USA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-1116-RP |
| MONIQUE JOHNSTON, et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Plaintiff Lucid Group USA, Inc.'s ("Plaintiff" or "Lucid") motion for summary judgment, (Dkt. 4), and Defendants Monique Johnston, Daniel Avitia, and Corrie Thompson's ("Defendants") motion to deny Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56(d), (Mot., Dkt. 27). Lucid filed a response to Defendants' Rule 56(d) motion. (Dkt. 28). Having considered the parties' briefs, the record, and the relevant law, the Court will grant Defendants' motion, (Dkt. 27), and deny Lucid's motion, (Dkt. 4), without prejudice to refiling at a later date.

## I. BACKGROUND

In this action, Lucid challenges Defendants' application of Texas Occupations Code § 2301.476(c) to direct-sales-only manufacturers like itself as violating the Due Process and Equal Protection Clauses. (Complaint., Dkt. 1, at 15-16). It alleges that the law, which prohibits auto manufacturers from acting as auto dealers, is "pure economic protectionism for the benefit of Texas's existing auto dealers" and that, as applied to itself and other direct-sales-only manufacturers, it is divorced from any legitimate state interest. (*Id.*) Accordingly, Lucid seeks a declaratory judgment that Section 2301.476(c) is unconstitutional as applied to Lucid and a permanent injunction prohibiting Defendants from enforcing the prohibition against it.

## II. LEGAL STANDARD

"Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). However, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the [C]ourt may . . . defer considering the motion or deny it[.]" Fed. R. Civ. P. 56(d). The rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington*, 901 F.2d at 1285. To show that denial or an abatement is warranted under Rule 56(d), the movant must demonstrate "1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Steams Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999). Rule 56(d) motions are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

## III. DISCUSSION

Lucid filed this lawsuit on November 1, 2022. (Compl., Dkt. 1). On the same day, Lucid filed its motion for summary judgment. (Mot. Summ. J., Dkt. 4). It contends summary judgment is appropriate without the need for discovery because the question of whether Section 2301.476(c) is constitutional as applied to Lucid "implicates no reasonably disputed facts unavailable to Texas as the nonmovant." (*Id.* at 14). Lucid's motion is supported by declarations from an expert witness and a company executive, among other exhibits, describing Lucid's business model and opining on the law's relationship to consumer protection, public safety, and competition. (App'x, Dkt. 4-1, at 6-10, 40-46). Lucid contends that these declarations set forth "undisputed facts" showing the law at issue is irrational with "no countervailing benefit whatsoever," such that this Court should hold the prohibition unconstitutional "as a matter of law" as applied to Lucid. (*Id.* at 1, 7-14).

Defendants counter that Lucid's motion for summary judgment is premature and should be denied or held in abeyance. They argue that they have been unable to conduct discovery because the discovery period has not begun under Rule 26, and because discovery related to Lucid's expert and its alleged injury are within its exclusive control. (Mot., Dkt. 27, at 4-8). Without a meaningful chance to conduct discovery related to Lucid's proffered evidence, Defendants argue that they will be prejudiced in their ability to respond. (*Id.*)

Defendants also attach a declaration from counsel identifying specific discovery that Defendants deem necessary to respond to Lucid's motion, including Defendants' intention to depose Lucid's experts, develop their own rebuttal experts, receive expert reports as required under Federal Rule 26(d), and conduct written discovery. (Merideth Decl., Dkt. 27-1, at 2-4). Defendants also assert that they are entitled to "conduct discovery as to Plaintiff's alleged injury," including through deposition of Lucid's vice president and proffered declarant, Mr. Zachary Edson. (*Id.*) Defendants contend this discovery is essential to oppose Lucid's two bases for summary judgment: (1) that there is no conceivable rational basis for Texas Occupations Code section 2301.476(c); and (2) that Lucid has sustained an injury-in-fact. (*Id.*)

Rule 56(d) is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). Though Rule 56 allows the filing of summary judgment motions "at any time," "[s]ummary judgment should not . . . ordinarily be granted before discovery has been completed." *Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979), *cert. denied*, 449 U.S. 820 (1980); *George v. Go Frac, LLC*, No. 15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) ("Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.").

Here, the Court agrees that Lucid's motion for summary judgment is premature given the early posture of this case. As set forth above, Defendants have met their burden under Rule 56(d) to show why additional discovery is needed and how such discovery will likely create a genuine issue of material fact. Accordingly, to prevent prejudice to Defendants and "to avoid the possibility of an improvident grant of summary judgment," the Court will grant Defendants' motion. *Tillman v. Steadfast Ins. Co.*, No. 5:20-CV-1204-DAE, 2021 WL 1137241, at *2 (W.D. Tex. Feb. 11, 2021) (quoting *Washington*, 901 F.2d at 1285).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' motion (Dkt. 27) is **GRANTED**. **IT IS FURTHER ORDERED** that Lucid's motion for summary judgment (Dkt. 4) is **DENIED WITHOUT PREJUDICE**. Lucid may refile its motion for summary judgment after the parties have had time to meaningfully conduct discovery.

Based on the deadlines and discovery progress in this case so far (as proposed by the parties in the Proposed Agreed Sched. Order, (Dkt. 34-1), the Court determines that no party shall submit any motions for summary judgment until **on or after September 18, 2023**, thus giving the other party until at least the last day of discovery to respond. *See* Local Rule CV-7(e)(2). Any party who seeks to file (or refile) a Rule 56 motion before that date may move for leave to do so, providing the Court with good cause as to why the interests of justice warrant such a departure.

**SIGNED** on June 21, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE