# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **LUCID GROUP USA, INC.,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | |
| § | **Case No. 1:22-CV-01116-RP** |
| **MONIQUE JOHNSTON, et al.,** § | |
| *Defendants* § | |
| § | |
| **TEXAS AUTOMOBILE DEALERS** § | |
| **ASSOCIATION,** § | |
| *Intervenor-Defendant* § | |

## ORDER

Now before the Court are Intervenor-Defendant Texas Automobile Dealers Association's Opposed Motion to Compel and Brief in Support, filed December 21, 2023 (Dkt. 55); Plaintiff Lucid Group USA, Inc.'s Response, filed December 27, 2023 (Dkt. 56); Intervenor-Defendant's Reply Brief Supporting the Opposed Motion to Compel, filed January 3, 2024 (Dkt. 57); the Joint Status Report Regarding Discovery, filed January 16, 2024 (Dkt. 59); and Plaintiff's Supplement to Opposition to Motion to Compel, filed January 29, 2024 (Dkt. 60).[1] On January 31, 2024, this Magistrate Judge held a hearing on Intervenor Texas Automobile Dealers Association ("TADA")'s Motion to Compel, at which counsel for Plaintiff, Defendants, and Intervenor were present.

For the reasons stated on the record during the hearing, the Court **GRANTS IN PART and DENIES IN PART** Intervenor-Defendant Texas Automobile Dealers Association's Opposed Motion to Compel and Brief in Support (Dkt. 55) and **hereby ORDERS**:

- The Motion is **DENIED** as to Interrogatories No. 9, 14, 19, and 22 and Requests for Production No. 4, 8, 29, 32, 33, 34, 35, 36, 48, and 53;

---

[1] By Text Order entered December 28, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

- The Motion is **GRANTED** as to Requests for Production No. 40, 64, 68, 72, and:

    o Request for Production No. 52 **as amended:** "Produce all customer reviews since January 1, 2021, relating to the experience a consumer had when purchasing or shopping for a new or used Vehicle from You," and

    o Request for Production No. 69 **as amended:** "Produce all studies, reports, commentaries, memorandum, consultations, research, and data in Your possession regarding proposed legislation in any state either authorizing or restricting Your ability to sell new or used Vehicles directly to consumers."

Consistent with this Order on written discovery, after hearing arguments by counsel during the hearing, the Court **STRIKES** from Texas Automobile Dealers Association's Notice of Rule 30(b)(6) Deposition of Plaintiff Lucid Group USA, Inc. (Dkt. 59-1) Topics for Examination 2-3, 7-8, 13, 16-18, 20, 28-29, 32-34, and 37. The Court **amends** Topic 9 to: "Customer reviews of customers' experience at Lucid's Studios and Service Centers, including customer complaints."

The Court **holds in abeyance** a ruling on TADA's Motion to Compel as to Requests for Production No. 6 and 7 and Rule 30(b)(6) deposition topics 10, 11, 12, and 19, each of which concerns warranty service, pending further briefing by the parties. Plaintiff has until **Friday, February 2, 2024** to file a brief addressing those requests, and TADA has until **Wednesday, February 7, 2024** to file a response. Each brief is limited to **no more than five pages.**

TADA's request for sanctions is **DENIED**.

**SIGNED** on January 31, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE