IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUCID GROUP USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MONIQUE JOHNSTON, et al., | § | 1:22-CV-1116-RP |
| | § | |
| Defendants, | § | |
| | § | |
| TEXAS AUTOMOBILE DEALERS ASSOCIATION, | § | |
| | § | |
| | § | |
| Intervenor-Defendant. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Plaintiff Lucid Group USA, Inc.'s ("Lucid") renewed motion for summary judgment, (Dkt. 77); Defendants Monique Johnston, Daniel Avitia, and Corrie Thompson's (collectively, the "State Defendants") motion for summary judgment, (Dkt. 78); and Intervenor-Defendant Texas Automobile Dealers Association's ("TADA") motion for summary judgment, (Dkt. 79). (R. & R., Dkt. 93). Lucid timely filed objections to the report and recommendation, (Objs., Dkt. 95), and the State Defendants and TADA filed responses to the objections, (Dkts. 102, 103). Lucid then filed a reply brief, (Dkt. 104), and the State Defendants and TADA filed sur-replies, (Dkts. 105, 106). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the report and recommendation should be adopted, Lucid's motion for summary judgment should be denied, and the State Defendants' motions for summary judgment should be granted.

## I. BACKGROUND

Lucid brings this suit challenging the constitutionality of a Texas statute that prohibits it from owning or operating car dealerships to sell its own cars in the State of Texas. The Court recounts the relevant factual and procedural history as presented in the report and recommendation. (*See* R. & R., Dkt. 93, at 1–4).

### A. Factual Background

Lucid, based in Newark, California, is a manufacturer of electric cars. (Compl., Dkt. 1, ¶ 1). Lucid began manufacturing its first electric car, the Lucid Air, in 2019. (*Id.* ¶ 13). Unlike traditional car manufacturers, Lucid does not use independent car dealers; instead, it sells its cars directly to consumers through its website and its own dealerships, which it calls "Studios." (*Id.* ¶ 19). Lucid determined that this was the only viable way to establish its business. (Edson Decl., Dkt. 77-1, at 10). It explains: "As a startup still building production capacity and consumer awareness, Lucid's sales at this time are limited and would not support a network of independent franchised dealers and the earnings, commissions, or other payments that franchised dealers would require to enter into business." (Compl., Dkt. 1, ¶ 27). Lucid contends that it sells its cars at "uniform and transparent prices, without haggling or upselling," and that "[t]he result is a superior and seamless customer experience: without a middleman standing between Lucid and its customers." (Dkt. 77, at 8).

Lucid operates a Studio in Plano, Texas and a facility in Houston, Texas, where it provides warranty and repair service to Lucid owners. (Edson Decl., Dkt. 77-1, at 12; Edson Dep., Dkt. 77-1, at 158:5−8). Consumers who visit a Lucid Studio in Texas can learn about Lucid cars, view models, and take demonstration drives. Texas residents can reserve a Lucid Air through Lucid's website or at a Lucid-owned out-of-state Studio licensed to sell directly to consumers. (Compl., Dkt. 1, ¶ 30). Customers arrange delivery, typically to a Lucid delivery center or directly to their home. (*Id.*). Lucid seeks to sell new Lucid cars to consumers "from established and permanent physical locations in

Texas," but the state prohibits motor vehicle manufacturers from owning dealerships. (*Id.* ¶ 40). Since 1999, state law has prohibited carmakers from owning, operating, or controlling a motor vehicle dealership in Texas that sells "the same type of motor vehicle that . . . the manufacturer manufactures or distributes." Tex. Occ. Code § 2301.476(c) (the "Prohibition" or "Statute"). Lucid alleges that the Texas Department of Motor Vehicles ("DMV"), which is responsible for enforcing the Statute, informed it in 2021 that the Statute prohibits Lucid from owning or operating a motor vehicle dealership within the State of Texas. (Compl., Dkt. 1 ¶ 37).

**B. Procedural History**

On November 1, 2022, Lucid sued the State Defendants—DMV Motor Vehicle Division Director Monique Johnson, Executive Director Daniel Avitia, and Enforcement Division Director Corrie Thompson—in their official capacities. Lucid alleges that the Prohibition, as applied against it, violates its substantive due process and equal protection rights under the Fourteenth Amendment to the United States Constitution. Lucid argues that the Prohibition "is pure economic protectionism for the benefit of Texas's existing auto dealers," (*id.* ¶ 3), and is not rationally related to the advancement of any legitimate government interest. Lucid also argues that "prohibiting affiliates of manufacturers without independent franchised dealers like Plaintiff from owning or operating new motor-vehicle dealerships in Texas . . . arbitrarily distinguishes between classes that are similarly situated in all material respects." (*Id.* ¶ 63). Lucid seeks a declaratory judgment that the enforcement of the Prohibition is unconstitutional as applied to it and seeks a permanent injunction. (*Id.* at 17).

On December 20, 2022, TADA, a trade association representing franchised new motor vehicle dealers in Texas, moved to intervene as a defendant "to advocate in support of the constitutionality of the State's statutes and regulations relating to the sale and distribution of motor

vehicles to Texans through its franchise-based system." (Dkt. 17 at 6). The District Court granted TADA's motion to intervene under Rule 24(b). (Dkt. 36).

On June 21, 2023, the Court denied the State Defendants' motion to dismiss for failure to state a claim, (Dkt. 24), finding that Lucid had alleged sufficient facts to plead its plausible constitutional claims. (Dkt. 47). The Court found, first, that Lucid "has pled a protectible [liberty] interest" under the Due Process Clause in pursuing "the legitimate business of selling new Lucid vehicles to consumers from established and permanent physical locations in Texas." (*Id.* at 6–8) (cleaned up). The Court also held that the Fifth Circuit's holdings in *Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493 (5th Cir. 2001), and *Int'l Truck and Engine Corp. v. Bray*, 372 F.3d 717 (5th Cir. 2004), "[do] not foreclose Lucid's claims as a matter of law" for two reasons. Lucid's as-applied challenge was not foreclosed by the Fifth Circuit's rejection of facial challenges to the Prohibition and its predecessor. Also, *Ford*'s holding was "distinguishable at this stage because it focused on the state's interest in preventing franchising manufacturers from competing with their own franchised dealers," which was less applicable to a "direct-sales-only" manufacturer like Lucid. (Order, Dkt. 47, at 8–10). Next, the Court held that "[v]iewing the Complaint's allegations in a light most favorable to Lucid, . . . the Complaint sets forth sufficient facts negating the rational connection between [the Prohibition], as applied, and the legitimate interests articulated by [the State Defendants]." (*Id.* at 10–12). Last, the Court found that Lucid had plausibly alleged its equal protection claim. (*Id.* at 12–13). As for the State Defendants' remaining arguments as to the justifications of the Prohibition, the Court stated that "those justifications are subject to discovery and a decision on the merits." (*Id.* at 13). The same day, the Court also denied Lucid's motion for summary judgment—filed the same day as its Complaint—without prejudice as "premature." (Dkt. 49, at 4).

The parties then engaged in discovery. Lucid, the State Defendants, and TADA now all move for summary judgment on Lucid's constitutional claims. (Dkts. 77, 78, 79). The Court referred

the parties' cross-motions for summary judgment to United States Magistrate Judge Susan Hightower. (Text Orders, April 4, 2024).

**C. Report and Recommendation**

On July 22, 2024, the magistrate judge issued her report and recommendation, recommending that the Court deny Lucid's motion for summary judgment and grant the State Defendants and TADA's motions for summary judgment. (R. & R., Dkt. 93, at 15). First, the magistrate judge found that Lucid had standing to challenge the Prohibition. (*Id.* at 6–7).

Second, the magistrate judge found that Lucid had failed to prove its substantive due process claims for two reasons. The magistrate judge concluded that Lucid had not established a violation of a liberty interest protected by the Fourteenth Amendment because Lucid was not "effectively foreclosed . . . from operating its business in Texas." (*Id.* at 9 (citing *Ghedi v. Mayorkas*, 16 F.4th 456, 467 (5th Cir. 2021))). Even if Lucid had shown a violation of a protected liberty interest, the magistrate judge found that Fifth Circuit precedent in *Ford* and *International Truck* "has already determined that there is a rational basis for the Prohibition." (R. & R., Dkt. 93, at 9–11). The magistrate judge explained that in both cases, the Fifth Circuit had determined that Texas had legitimate state interests for passing the Prohibition's predecessor statute. (*Id.*). The magistrate judge stated: "This Court . . . may not revisit *Ford*'s conclusion that the Texas Legislature had legitimate reasons for enacting the Prohibition and did not act irrationally in banning manufacturer control of dealers." As such the magistrate judge found that the substantive due process claim must fail as a matter of law because "a rational relationship exists between Texas's prohibition and advancement of Texas's interest in regulating the retail vehicle market." (*Id.* at 12).

Third, the magistrate judge found that Lucid's equal protection claim also fails as a matter of law because Lucid has not shown that it was treated differently than a similarly situated entity. The magistrate judge concluded that "Lucid is being treated the same under the Statute as car

manufacturers with franchised dealerships" because the "statute precludes all manufacturers from selling vehicles they make from their own dealerships in Texas." (*Id.* at 14). Because she found that Lucid's constitutional claims failed as a matter of law, the magistrate judge recommended that this Court grant the State Defendants and TADA's motions for summary judgment and enter final judgment in their favor.

### D. Objections and *Tesla*

On August 12, 2024, Lucid filed objections to the report and recommendation, challenging the magistrate judge's recommendations on both its substantive due process and equal protection claims. (Objs., Dkt. 95). Lucid alleges that the report and recommendation "reverses several of the legal holdings" listed in the Court's Order on the State Defendants' motion to dismiss. Lucid also argues that the report and recommendation wrongly decided that *Ford* and *International Truck* control this case, "without addressing or seemingly recognizing the as-applied nature of Lucid's claims." (*See id.* at 5).

Two weeks later, the Fifth Circuit issued a decision in *Tesla, Inc. v. Louisiana Automobile Dealers Association*, 113 F.4th 511 (5th Cir. 2024), a challenge to a similar Louisiana law that prohibits manufacturers from directly selling their own cars to consumers. Tesla brought suit asserting federal antitrust, procedural due process, and equal protection claims. *Id.* at 522. The district court dismissed each claim with prejudice. *Id.* The Fifth Circuit reversed the district court's dismissal of Tesla's procedural due process claim and vacated and remanded the dismissal of the antitrust claim. *Id.* at 522, 528. On the equal protection claim, however, the Fifth Court affirmed the dismissal, relying on *Ford* and finding that the direct sales ban had a sufficient rational basis. *Id.* at 529–31.

In light of the *Tesla* decision, the parties requested a continuance to present briefing on how *Tesla* affects the disposition of this case, (Dkt. 99), and the Court granted the parties' request, (Dkt. 101). The State Defendants and TADA filed responses to Lucid's objections, defending the report

and recommendation and arguing why *Tesla* confirmed that Lucid's constitutional claims could not succeed as a matter of law. (Dkts. 102, 103). Lucid replied, arguing why *Tesla* has no bearing on its as-applied claims. (Dkt. 104). The State Defendants and TADA then filed sur-replies. (Dkts. 105, 106).

## II. LEGAL STANDARDS

### A. Report and Recommendation

The Federal Rules of Civil Procedure authorize magistrate judges to make findings and recommendations for dispositive motions. Fed. R. Civ. P. 72(b)(1). For dispositive motions, parties are entitled to *de novo* review of any part of a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge has the discretion to "accept, reject, or modify the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(c).

### B. Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a

genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). Courts must view the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## III. DISCUSSION

Because Lucid timely objected to the report and recommendation, the Court reviews the report and recommendation's conclusions on Lucid's constitutional claims *de novo*.[1] Lucid alleges that as applied to it, the Prohibition violates (1) its substantive due process rights to pursue a legitimate business, and (2) its equal protection rights by "arbitrarily" treating direct sales manufacturers like Lucid differently than traditional manufacturers who use independent franchised dealerships. (Compl., Dkt. 1 ¶ 63). Lucid argues that it is entitled to summary judgment on both claims because the Prohibition is "a purely protectionist measure" to protect current motor vehicle dealerships in Texas that "furthers no legitimate state interest and is therefore unconstitutional." (Dkt. 77, at 13). The State Defendants and TADA argue that they are entitled to summary judgment on Lucid's substantive due process claim because Lucid has no constitutionally protected liberty interest in the direct sales of motor vehicles to consumers in Texas. They also contend that even if Lucid had such a liberty interest, there are legitimate governmental reasons for the Prohibition. The State

[1] TADA did not object to the magistrate judge's conclusion that Lucid has standing to assert its claims. When no objections are timely filed, a district court can review the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Finding no clear error in the magistrate judge's standing analysis, the Court adopts this portion of the report and recommendation as its own order.

Defendants and TADA also argue that Lucid was not treated differently than other manufacturers. (*See* Dkts. 78, 79).

To prevail on a substantive due process claim, the plaintiff must show (1) a violation of a property or liberty interest protected by the Fourteenth Amendment, and (2) that the governmental action was not rationally related to a legitimate governmental interest. *Simi Inv. Co. v. Harris Co.*, 236 F.3d 240, 249–51 (5th Cir. 2000). "Only if such government action is 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare,' may it be declared unconstitutional." *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (quoting *Vill. of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)).

As for Lucid's equal protection claim, Lucid "must first show that two or more classifications of similarly situated persons were treated differently under the statute." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017). If that threshold element is established, then the court determines the appropriate level of scrutiny to apply. If neither a suspect class nor a fundamental right is implicated, as in this case, the classification needs only bear a rational relation to a legitimate governmental purpose. *Duarte*, 858 F.3d at 354. Under the rational basis standard, a legislative classification "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). "When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

To begin, the Court notes that the report and recommendation did not "reverse[] several of the legal holdings in the Court's decision denying [the State Defendants'] motion to dismiss," as alleged by Lucid. (*See* Objs., Dkt. 95, at 5). In its order on the motion on the dismiss, the Court held

the following: Lucid had "pled a protectible [liberty] interest" under the Due Process Clause; *Ford*'s holding was "distinguishable at this stage"; "[v]iewing the Complaint's allegations in a light most favorable to Lucid, . . . the Complaint sets forth sufficient facts" alleging that the Prohibition does not pass rational basis review; and Lucid had plausibly alleged its equal protection claim. (*See* Order, Dkt. 47). The Court's holdings were limited to the specific procedural posture before it: a Rule 12(b)(6) analysis, asking whether Lucid had stated a plausible claim for relief after reviewing the allegations in the complaint in the light most favorable to Lucid. Determining whether a party has pled a sufficient claim is a wholly different task than determining whether a party is entitled to summary judgment on that claim. At the summary judgment stage, mere allegations are insufficient for a party to show support for its claims. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are also not competent summary judgment evidence. *Id.* Rather, a party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

The magistrate judge was correct in finding that Lucid "cannot rely on the Court's denial of [the State Defendants'] motion to dismiss to prove its case on summary judgment." (*See* R. & R., Dkt. 93, at 8). The magistrate judge accurately noted that in the motion to dismiss order, the Court simply held that Lucid had *pled* sufficient facts to allege a protectable liberty interest under the Due Process Clause; it "did not hold that Lucid's liberty interest actually had been violated." (*Id.*). As such, the magistrate judge properly reassessed whether on the record Lucid had established a violation of a protectible liberty interest by demonstrating that the Prohibition "effectively foreclosed" it from operating its business in Texas. (*Id.* at 8–9 (quoting *Ghedi*, 16 F.4th at 467)). The magistrate judge cited to a declaration from Lucid's Vice President of Sales and Service to determine that Lucid was not foreclosed from operating its business in Texas because it could still sell its cars

to Texas consumers in other ways. (*Id.* at 9 (citing Edson Decl., Dkt. 77-1, at 10–13)). Accordingly, the magistrate judge rightly found that Lucid had not shown a violation of a substantive due process right.

The magistrate judge was also correct that the law-of-the-case doctrine does not "prevent a district court from reconsidering its prior ruling." (*Id.* (citing *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010))). "A court has the power to revisit prior decisions of its own in any circumstance." *Id.* A court is "free to reconsider and reverse its decision for any reason it deems sufficient," including an intervening change in or clarification of the substantive law. *Id.* The Court finds the magistrate judge's analysis of Lucid's substantive due process and equal protection claims to be persuasive, particularly the analysis about how the Fifth Circuit's decisions in *Ford* and *Int'l Truck* are highly influential on this case. To the extent that there is any difference between how this Court viewed *Ford* at the motion-to-dismiss stage and the report and recommendation's analysis of the case, the new *Tesla* case resolves that difference.

In *Tesla*, the Fifth Circuit reaffirmed that "preventing vertical integration or analogous consolidations of monopoly power is a sufficient rational basis to uphold" Louisiana's direct-sales ban. 113 F.4th at 530. Tesla had argued that *Ford* was inapplicable to its claims because *Ford* "upheld a regime that prevented manufacturers from competing with *their own* dealerships" but those considerations are not present for a direct-sales manufacturer like Tesla. *Id.* (emphasis in original). The Fifth Circuit noted that this Court drew that exact distinction in its motion to dismiss order. *Id.* at 531 n.22. The Fifth Circuit then clarified, "The crucial element of *Ford* was not abuse of one's own dealers but the 'prevent[ion of] vertically integrated companies from taking advantage of their incongruous market position and . . . frauds, unfair practices, discrimination, impositions, and other abuses of our citizens.'" *Id.* at 531 (quoting *Ford*, 264 F.3d at 503). Tesla contended that

Louisiana needed to explain why vertical integration was bad for consumers, but the Fifth Circuit found "[t]hat is a bridge too far." *Id.* The Fifth Circuit continued:

> Instead, we can assume that the state has a legitimate interest in preventing firms from vertically integrating and abusing the resulting power not only on its own dealers, but other dealers, and yes even consumers down the run. It is Tesla's burden, not defendants', to dispel the notion that fear of vertical integration is not a *conceivable* rational basis.

*Id.* (emphasis in original). The Fifth Circuit noted that preventing a non-franchising direct-sales manufacturer like Tesla from "extending itself into distribution" is the "quintessential example" of a circumstance when state vertical-integration laws are constitutionally justified. *Id.* The Fifth Circuit concluded that "*Ford* readily controls this case" and that the "broad[] concerns" articulated in *Ford* apply equally to direct-sales manufacturers as they did to manufacturers who wished to compete with their own dealers. *See id.*

In light of *Tesla*, it is clear that the magistrate judge was correct in finding that *Ford*'s rational basis analysis controlled the outcome of this case. (R. & R., Dkt. 93, at 12). The magistrate judge correctly concluded that "a rational relationship exists between Texas's prohibition and advancement of Texas's interest in regulating the retail vehicle market." As such, "Lucid's substantive due process claim fails as a matter of law." (*Id.*).[2]

*Tesla* is similarly determinative of Lucid's equal protection claim on two grounds. First, *Tesla*'s rational basis analysis equally dooms both Lucid's substantive due process claim and its equal

---

[2] Even if *Tesla* did not confirm that Lucid cannot succeed under rational basis review as a matter of law, the Court finds that there is sufficient evidence in the record to confirm that in this case, Lucid has not "dispel[led] the notion that fear of vertical integration is not a conceivable rational basis" for the Prohibition. *See Tesla*, 113 F.4th at 531. The State Defendants and TADA produced expert witnesses, multiple studies, industry reports, and legislative testimony asserting that the Prohibition advances the legitimate governmental interest of promoting competition in the marketplace. (*See* Dkt. 78 at 17–18 (citing sources); Dkt. 79 (same)). Although Lucid has produced countervailing evidence, (*see* Dkt. 77, at 9–19), the record simply proves that reasonable minds can disagree about whether the Prohibition is a sound policy. "The fact that reasonable minds can disagree on legislation, moreover, suffices to prove that the law has a rational basis." *Planned Parenthood of Greater Tex. Surgical Health Services v. Abbott*, 748 F.3d 583, 594 (5th Cir. 2014).

protection claim because the rational basis standard for equal protection and substantive due process claims are identical. *See FM Props. Operating Co.*, 93 F.3d at 174 ("[G]overnment action comports with substantive due process if the action is rationally related to a legitimate government interest."); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 350 (5th Cir. 2013) ("If a law does not implicate . . . a protected right or class, then it need only be rationally related to a legitimate government interest to survive an equal protection challenge."). Therefore, the Fifth Circuit's finding in *Tesla* that the Prohibition passes rational basis review in an equal protection challenge resolves both Lucid's substantive due process and equal protection claims in the instant suit.

Second, *Tesla* supports the magistrate judge's conclusion that Lucid's equal protection claim fails on the independent ground that it has not identified any similarly situated parties with whom it is being treated differently because "[t]he statute precludes all manufacturers from selling vehicles they make from their own dealerships in Texas." (R. & R., Dkt. 93, at 14). Lucid objects that the proper classification should be comparing franchising manufacturers to direct-sales manufacturers. Under such a classification, Lucid argues that it is being treated differently because the Prohibition allows franchising manufacturers to sell their vehicles to Texas consumers through Texas dealerships, while prohibiting direct-sales manufacturers like Lucid from doing so. (Objs., Dkt. 95, at 10). However, the magistrate judge accurately noted that this sort of classification was rejected in *Ford* and *Int'l Truck*. (R. & R., Dkt. 93, at 14). Additionally, Lucid's corporate representative admitted that Lucid is being treated the same as other similarly situated manufacturers, other direct-sales manufacturers like Tesla and Rivian. (Edson Dep., Dkt. 79-15, 135:16–137:8). Lucid further objects that the magistrate judge did not consider another possible classification of the Prohibition: whether Lucid is similarly situated to existing dealers and is treated differently from them. (Objs., Dkt. 95, at 10). However, in *Tesla*, the Fifth Circuit reaffirmed its prior holding in *Ford* upholding a classification treating manufacturers and dealers differently under rational basis review. *Tesla*, 113 F.4th at 533

(citing *Ford*, 264 F.3d at 510). Accordingly, Lucid's equal protection claim fails both because it cannot show that it is being treated differently than a similarly situated party, and because Texas has a rational basis for the Prohibition under the Fifth Circuit's precedents in *Ford*, *International Truck*, and *Tesla*.

Lucid's last objection is that in its conclusions as to both claims, the report and recommendation "fails to appreciate that the as-applied nature of Lucid's claims distinguishes the Fifth Circuit's decisions in *Ford* and *International Truck*—as the Court already held 'as a matter of law' at the motion-to dismiss stage"—because *Ford* and *International Truck* were facial challenges to the Prohibition and its predecessor. (Objs., Dkt. 95, at 6). This objection is without merit for a few reasons. First, even if the report and recommendation did not specifically address this argument, it is not true that it did not take the as-applied nature of Lucid's claims into account. (*See* R. & R., Dkt. 93, at 3, 5 (recognizing that Lucid brings as-applied challenges)).

It is also not true that *Ford* and *International Truck* were purely facial challenges. On second review, it appears that *Ford* involved both facial and as-applied challenges to the Prohibition. *See* 264 F.3d at 498 (noting that Ford had alleged that the Prohibition "*facially*, or in practical effect, violates the dormant Commerce Clause . . . [and] *as applied* to the [Ford] Showroom, violates Ford's First Amendment right to free speech . . . .") (emphasis added). And while the Fifth Circuit in *International Truck* did not use the phrase "facial" or "as applied," it is nevertheless clear from the allegations, facts, arguments, analyses, and conclusions in that case that it too involved an as-applied challenge to the statute. *See Int'l Truck*, 372 F.3d at 729 (discussing how International's own operations confirm the reasonableness of the Prohibition).[3]

[3] "To establish an as-applied challenge, the [movant] must show the application of the challenged statute to the facts of his case would violate his constitutional rights," *United States v. Simien*, 655 F. Supp. 3d 540, 548 (W.D. Tex., 2023) (citing *United States v. Perez*, 43 F.4th 437, 443 (5th Cir. 2022)), whereas a "facial challenge is an attack on a statute itself as opposed to a particular application" and requires the movant establish that "the statute is unconstitutional in all of its applications," *id.* (quoting *Wash. State Grange v. Wash. State Republican*

*Tesla* now also undermines Lucid's objection on this issue. Upon review of the live complaint in *Tesla* at the time of the Fifth Circuit's review, Tesla explicitly brought an as-applied challenge virtually identical to the one Lucid advances here. *See* Am. Compl., Dkt. ¶¶ 299, 304 & n.30, *Tesla v. La. Auto. Dealers Ass'n*, No. 2:22-cv-2982 (E.D. La. Jan 11, 2023), ECF No. 151. The Fifth Circuit considered the application of the Louisiana statute to Tesla's circumstances and rejected Tesla's as-applied equal protection claim. *See Tesla*, 113 F.4th at 530–31 (discussing how vertical integration could still be a concern for direct-sales electric vehicle manufacturers, like Tesla).

Even if *Ford*, *International Truck*, and *Tesla* only involved facial challenges, those decisions would lead this Court to deny summary judgment to Lucid's claims. "[I]t is well-established that the facial upholding of a law does not prevent future as-applied challenges." *In re Cao*, 619 F.3d 410, 430 (5th Cir. 2010) (en banc). However, "a plaintiff cannot successfully bring an as-applied challenge to a statutory provision based on the same factual and legal arguments [a court] expressly considered when rejecting a facial challenge to that provision. Doing so is not so much an as-applied challenge as it is an argument for overruling a precedent." *Id.* (quoting *RNC v. FEC*, 698 F. Supp. 2d 150, 157 (D.D.C. 2010). Here, as noted above and as analyzed in the magistrate judge's report and recommendation, Lucid is bringing the same rational basis and disparate treatment arguments that have been rejected repeatedly by the Fifth Circuit in *Ford*, *International Truck*, and *Tesla*. Lucid's reassertion of those arguments here is more of an attack on those prior precedents than new claims based on Lucid's unique circumstances.

Lucid complains of the lack of a logical fit between the Texas laws preventing vertical integration in the automobile business and its own self-selected business model. But rational-basis

---

*Party*, 552 U.S. 442, 449 (2008)). Facial challenges "considers only the text of the measure itself, not its application to the specific circumstances under which a person acted." *Facial invalidity*, 16 C.J.S. Constitutional Law § 153 (2024); *see also Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397–98 (2024) (noting that the parties treated a facial challenge like an as-applied challenge by focusing their arguments on whether challenged state laws could regulate the content-moderation practice used in Facebook's News Feed).

review does not require a law to be perfectly logical as applied to every business or person in its scope. *See Rojas-Reyes v. I.N.S.*, 235 F.3d 115, 123 (2d Cir. 2000) (faulting plaintiff for "misunderstand[ing] rational basis review," which "need not result in the most just or logical result in every case to pass constitutional muster" (citing *Heller v. Doe*, 509 U.S. 312, 319 (1993))). That is in fact the core difference between rational-basis review and the more rigorous review standards, like strict scrutiny. *See Johnson v. California*, 543 U.S. 499, 505 (2005); *Heller*, 509 U.S. at 319–21. Whereas the latter standard requires a law to be "narrowly tailored" in such a way as to avoid prohibiting more conduct than necessary to achieve the law's compelling aims, *Johnson*, 543 U.S. at 505 (citations omitted), the former does not, *Heller*, 509 U.S. at 319–21 ("[C]ourts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends."). A law can thus pass rational-basis review even when its scope is "overinclusive" or its classifications "[i]mperfect." *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 470 (5th Cir. 2021); *see also Califano v. Jobst*, 434 U.S. 47, 55 (1977) ("[L]egislative classification must be judged by reference to characteristics typical of the affected classes rather than by focusing on selected, atypical examples.").

Even assuming that *Ford* and *Tesla* only facially upheld direct-sales bans, then Lucid needed to show through "[p]articularized facts" a degree of arbitrariness or irrationality overcoming the strong presumption in favor of constitutionality. *See Justice v. Hosemann*, 771 F.3d 285, 292 (5th Cir. 2014) (discussing how "a developed factual record is essential" for as-applied challenges). The plaintiff must produce sufficient evidence to allow the Court to craft "a narrowly tailored and circumscribed remedy." *Id.* The Court acknowledged this need for a developed record in its order denying Lucid's original motion for summary judgment. (*See* Dkt. 49, at 4 (calling Lucid's motion "premature" and acknowledging the need for "additional discovery")). However, Lucid's renewed summary judgment motion does not significantly differ from the earlier denied motion. Lucid does

not sufficiently allege facts about how the law specifically and uniquely challenges it compared to others. On the contrary, multiple times in this litigation Lucid conceded that its own practices were not overly relevant to the Court's analysis of the Prohibition. (*See, e.g.*, Hr'g Tr., Dkt. 76, at 29:21–25 (Lucid's counsel admitting that the Prohibition's classification between direct-sales manufacturers and traditional manufacturers "has nothing to do with how Lucid specifically has undertaken it own direct sales operations."); Lucid's Resps. to TADA's Requests for Admission, Dkt. 65-22, at 3 (admitting that "the economics of Lucid's business operations has nothing to do with the rationality of the prohibition at issue in this case")).

Lucid objects that the report and recommendation failed to address its as-applied challenge. However, the real fault lies with Lucid for failing to develop a particularized record to support such a challenge and for insufficiently arguing why in light of *Ford*, *International Truck*, and *Tesla*, this Court should look favorably on its alleged as-applied claims. *Tesla* specifically considered whether a direct-sales ban is rationally related as applied to a direct-sales electric vehicle manufacturer. Reaffirming its holding in *Ford*, the Fifth Circuit found that it was. Even if *Tesla* could be understood as a facial challenge, it still rejects the only basis on which Lucid's as-applied challenge stands. There is nothing left for this Court to do but to apply *Tesla*'s clear precedent to the nearly identical facts of this case.

## IV. CONCLUSION

The magistrate judge correctly concluded that Lucid's substantive due process claim cannot succeed because Lucid has not demonstrated that a protectible liberty interest has been violated. Even if it had shown such a violation, the magistrate judge rightly found that the Prohibition is rationally related to a legitimate state interest in regulating the retail vehicle market and preventing vertical integration. The magistrate judge also was correct in noting how Lucid's equal protection claim fails because Lucid did not show that it was treated differently than a similarly situated entity. These conclusions are vindicated by the Fifth Circuit's recent decision in *Tesla* which squarely

forecloses Lucid's as-applied claims. As such, the Court overrules Lucid's objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of the United States Magistrate Judge, (Dkt. 93), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Lucid's renewed motion for summary judgment, (Dkt. 77), is **DENIED**.

**IT IS FINALLY ORDERED** that the State Defendants' motion for summary judgment, (Dkt. 78), and TADA's motion for summary judgment, (Dkt. 79), are **GRANTED**. The State Defendants and TADA are entitled to summary judgment on Lucid's claims.

The Court will enter final judgment by separate order.

**SIGNED** on March 31, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE